WISNER v. GRANT and others.

*(Circuit Court, N. D. New York. ——, 1880.)*

1. RE-ISSUE No. 8,475— HORSE HAY RAKES—ANTICIPATION—VALIDITY.
    Re-issued letters patent No. 8,475, grantee November 5, 1878, to
    William H. Field, for horse hay rakes, *held*, anticipated by letters
    patent No. 7,813, granted Henry W. Sabin, December 3, 1850, for
    improvement in horse rakes, and therefore *invalid*.

2. ORIGINAL PATENT—SPECIFIC CONSTRUCTION—RE-ISSUE—BROAD GEN-
    ERAL CLAIM—CONSTRUCTION.
    Where the original patent claimed a *specific* construction of rake
    head, in combination with other devices, in a horse hay rake, and it
    is clear that the office of the re-issue is to secure the broad claim to
    the use of a rake head *generally*, the patentee will be held to such
    claim, even though the result may be that the real invention will not
    be secured.
    Upon such a construction of the re-issue, complainant's device
    being a horse hay rake, with its axle continuously rotated by gear
    wheels, a rocking head mounted on it, a lifting ratchet wheel attached
    to and revolving with it and arranged to engage with a pawl on the
    rake head to dump the load, and a stop to release the head from the
    ratchet and reset the teeth, *held*, anticipated by a device in which
    the teeth are mounted separately upon a continuously revolving axle
    by eye bearings, which abut against each other and are raised simul-
    taneously by means of a transverse bar bearing upon one end of the
    teeth.

*L. Hill,* for complainant.

*C. M. Peck,* for defendants.

WALLACE, D. J.   The complainant alleges the infringement
by defendants of the first, second, and fourth claims of the
re-issued letters patent granted to William. H. Field, Novem-
ber 5, 1878, for an improvement in horse hay rakes.   The
controversy relates to that class of hay rakes in which the
rake teeth are tilted, and discharge the hay in windrows by the
traction of the apparatus.   The original patent was granted
to Cyrus B. Holden, April 14, 1868.

The first claim of the re-issue is as follows: "*First,* an
oscillating rake head, mounted on rotating axle, and having
bearings through which the axle rotates when the rake is
advancing, substantially as described."

The second claim is: "An oscillating rake head mounted

on a rotary axle, in combination with a rotary ratchet wheel, and a device for connecting the rake head to the ratchet at the will of the operator, for the purpose of raising the teeth and discharging the hay when the rake is advancing."

The fourth claim is : "In a wheeled horse hay rake, the combination of a revolving axle, a rocking head mounted on said axle as its center of oscillation, a lifting ratchet wheel attached to said axle and revolving therewith, a pawl or detent attached to the head and capable of engaging with the ratchet to dump the load, and a stop against which the pawl or detent strikes at its extreme forward movement to automatically release it from the ratchet and reset the rake teeth, substantially as described."

It is contended for the complainant that these claims are to be construed as covering all horse hay rakes which contain the several parts mentioned in the claims, in combination with an oscillating rake head mounted on a continuously revolving axle, so that the center of oscillation shall coincide with the center of rotation of the axle; and it is conceded that unless the claims are thus construed the complainant must fail in his action. It was doubtless intended by means of the re-issue to claim the broad invention thus contended for, and the description of the invention in the re-issue has been carefully directed to such claim by eliminating parts in the original which would tend to limit the claim to devices of a specific construction, and by inserting new matter pointing to the broad claim now urged. In the original the invention is described "to consist in a tubular rake head formed of two parts, connected by a suitable yoke, and so combined with the axle of the supporting wheels, and a ratchet and pawl," as to accomplish the desired result; while in the re-issue it is described to consist in "the combination of a revolving main axle with an oscillating rake head, mounted on said axle as its support and center of oscillation," in combination with a ratchet and pawl.

I do not intend to say that any essential descriptive part of the original has been omitted, or that any new matter has been inserted in the re-issue which was not suggested in the

original. What I do say is that it is quite clear that the office of the re-issue was to secure the broad claim now contended for, and the complainant must be held to such a claim, even though it may result that the real invention is not secured. I am of opinion that the invention thus claimed is anticipated by the patent granted to H. W. Sabin, December 3, 1850. Concededly this patent is an anticipation if it describes a rake head, which is an equivalent for Holden's, as one of the elements of the combination.

The Sabin patent shows a horse rake in which the rake teeth are mounted separately upon a continuously revolving axle by eye bearing. The eye bearings are slipped upon the axle, and are so formed as to abut against each other. The teeth can oscillate independently of each other upon the axle, but in the tilting operation more simultaneously by means of a transverse bar, or yoke, which bears upon one end of the teeth. In the tilting operation, the center of the axle is the center of oscillation, and the yoke unites all the teeth so that they oscillate as a unit upon the axle. If this device does not present a rake head in the strict definition of the term, it does in substance. The head of a rake is that part which holds the teeth together for unitary action. The Sabin device does the same work in the same way as Holden's, and the devices in one are but the equivalent for those in the other. It contains a set of teeth which oscillate as a unit on a continuously revolving axle, so that the center of oscillation coincides with the center of rotation of the axle.

That Holden made structural changes, and constructed a more efficient machine than Sabin's,—one which involves invention and which was not anticipated by Sabin's,—seems quite clear; but that he is not entitled to claim the broad invention which the re-issue was designed to secure seems to me equally clear.

The bill is therefore dismissed.